■ CAROLYN THOMAS FRENCH, Appellant, v ALFRED L. SCHIAVO et al., Respondents. [892 NYS2d 762]—

Judgment, Supreme Court, New York County (Milton Tingling, J.), entered April 30, 2009, upon a jury verdict in plaintiff's favor, and bringing up for review an order, same court (John E.H. Stackhouse, J.), entered on or about November 19, 2008, which granted defendants' motion for a declaration that postjudgment interest pursuant to CPLR 5003 stopped running as of January 18, 2008, when their insurance carrier unconditionally tendered all lump sums due and owing, plus costs and interest to that date, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On January 18, 2008, defendants made an unconditional tender of both the lump-sum payments and the future periodic

payments due under the judgment, thereby terminating the accrual of postjudgment interest as of that date (*see Meiselman v Allstate Ins. Co.*, 197 AD2d 561 [1993]). Plaintiff's failure to provide the carrier with certain reasonable requests for information needed to finalize the annuity contract, which it is undisputed had been purchased at the time of the lump-sum tender on January 18, 2008, left defendants with no alternative but to present the specimen contract for court approval.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ.